THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN J. KUSEN & DEBORAH A. KUSEN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ERIC L. PHILLIPS & CHRISTINE M. FEENEY,<br><br>    Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 06-5634 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

    This matter is before the Court upon Defendant Deborah Feeney's motion for summary judgment [Docket Item 20]. THIS COURT FINDS AS FOLLOWS:

    1. This dispute arises out of an automobile accident that took place on the Atlantic City Expressway on November 27, 2005. (Def.'s Br. Ex. A.) Plaintiffs allege that they were injured as a result of an accident caused by Mr. Phillips' negligent driving. (Compl. ¶ 5.) Plaintiffs filed suit against Mr. Phillips, whose allegedly negligent actions led to the automobile accident, and against Ms. Feeney, who owned the car Mr. Phillips was driving at the time of the accident. (Id. at ¶¶ 2, 5.)

    2. Plaintiffs' claims against Ms. Feeney allege that Mr. Phillips was acting as Ms. Feeney's agent when the accident took place. (Id. at ¶ 2.) Specifically, Plaintiffs allege that Ms. Feeney entrusted her car to Mr. Phillips so that he could pick

her up from the airport on November 27, 2005, and that Mr. Phillips was en route to the airport to meet Ms. Feeney when the accident took place.  In support of these allegations, Plaintiffs rely upon Mr. Phillips' deposition testimony, in which he stated that Ms. Feeney had "left [him] the keys and asked [him] if [he] could pick her up from the airport that weekend," and that he was "travel[ing] to the airport" to pick Ms. Feeney up on the morning of the accident.  (Phillips Dep. at 13, 16.)

    3.  Ms. Feeney has moved for summary judgment as to Plaintiffs' claims against her.  The sole argument raised in Ms. Feeney's motion is that the evidence in the record is insufficient for a reasonable jury to find that Mr. Phillips was acting as Ms. Feeney's agent at the time of the accident. According to Ms. Feeney, no reasonable jury could find that Mr. Phillips was going to pick Ms. Feeney up from the airport on the morning of November 27, 2005, because at the time of the accident, Mr. Phillips had two passengers in the car who would not have wanted to be in the same car as Ms. Feeney.  One of those passengers, Alex Gantt, was, in November 2005, Ms. Feeney's boyfriend.  (Id. at 12-13.)  The other passenger, Janiece Granville, was another girlfriend of Mr. Gantt's, whom Mr. Gantt wished to keep at a distance from Ms. Feeney.  (Gantt Dep. at 11.)  Because it would have been "impossible" for Mr. Gantt to have had his "current and . . . soon-to-be-departed girlfriend in

the car at the [same] time," (id.), Ms. Feeney argues that no reasonable jury could find that Mr. Phillips was en route to pick her up at the airport at the time when the accident occurred.

    4.  The Court will deny Ms. Feeney's motion for summary judgment.  Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  It there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment may not be granted. Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

---

    [1]  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.

5. As both parties recognize, under New Jersey law, "the use of an automobile upon a public highway by one who is not its owner raises a presumption of agency between the operator and the owner." New Jersey Citizens United v. Hernandez, No. 3096-02, 2006 WL 686571, at *2 (App. Div. Mar. 20, 2006); see also Harvey v. Craw, 110 N.J. Super. 68, 73 (App. Div. 1970); Nicosia v. Marangi, 13 N.J. Super. 550, 554 (App. Div. 1951). "To prevent the issue of agency from reaching the jury, the owner must show by uncontradicted testimony that no . . . principal-agent relationship existed, or, if one did exist, that the . . . agent had transgressed the bounds of his authority." Harvey, 110 N.J. Super. at 73 (citations omitted).

6. The presumption that Mr. Phillips was acting as Ms. Feeney's agent at the time of the accident has not been rebutted "by uncontradicted testimony," and raises a question of fact for the jury to resolve. Id. The evidence relied upon by Ms. Feeney to suggest that Mr. Phillips was not acting in furtherance of a principal-agent relationship between himself and Ms. Feeney at the time of the accident – Mr. Gantt's deposition testimony – is contradicted by Mr. Phillips' testimony that Ms. Feeney had "asked [him] if [he] could pick her up from the airport that weekend," and that he was "travel[ing] to the airport" to pick her up when the accident occurred. (Phillips Dep. at 13, 16.) A jury would be free to credit Mr. Phillips' testimony and to

4

disbelieve Mr. Gantt's, in which case it could reasonably find that Mr. Phillips was acting as Ms. Feeney's agent at the time of the accident.[2]  See, e.g., Nicosia, 13 N.J. Super. at 554.

    7.   Because "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial," Liberty Lobby, 477 U.S. at 249, it is not for the Court to determine whether Mr. Phillips was traveling to pick Ms. Feeney up from the airport on the morning of November 27, 2005, or whether he was transporting Mr. Gantt and Ms. Granville elsewhere for an unrelated purpose.  This is a quintessential jury question not suitable for disposition as a matter of law upon summary judgment.  Ms. Feeney's motion will accordingly be denied.  The accompanying Order will be entered.


**August 19, 2008**                       **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                   United States District Judge

---

[2] In light of Mr. Phillips' testimony that he was en route to the airport to meet Ms. Feeney at the time of the accident, this is not a case in which "there exist[s] only the naked presumption of agency" without evidence to support the presumption.  Harvey, 110 N.J. Super. at 74.